OPINION OF THE COURT
Thomas P. Phelan, J.
Motion by claimants Melvin Fischman, Arnold Fischman and Brooklyn Villas, L. P., for an order pursuant to CPLR 4403 confirming the report of Referee, dated March 13, 2001, and directing that judgment be entered in favor of Melvin and Arnold Fischman in the sum of $100,000, with interest thereon from August 8, 1999 to November 1, 2000 as provided for in the report, is granted.
Cross motion by the Superintendent of the New York State Insurance Department as Liquidator of New York Surety Co. (Superintendent) for an order disaffirming the Referee’s report is denied.
This motion and cross motion concern the claim made by movants (liquidators’ file No. L690) for the return of $100,000, representing the balance of the cash collateral posted by claimants Melvin and Arnold Fischman in connection with a May 16, 1996 bond issued by New York Surety Co. (NYSCO) to discharge a mechanic’s lien on behalf of Brooklyn Villas, L. P. The bond was in the amount of $391,000 for which NYSCO required security to be posted in the amount of $350,000. Brooklyn Villas, L. P., posted $200,000 and Melvin and Arnold Fischman posted $150,000. On or about August 11, 1999, the Superintendent returned $200,000 of the collateral to Brooklyn Villas, L. P., and $50,000 to Melvin and Arnold Fischman. The remaining $100,000 was paid by NYSCO to satisfy claims arising in connection with a default on an uncollateralized performance bond issued by NYSCO on November 23, 1993 on behalf of N. Y. Modular Housing Corp., of which Melvin Fischman is president and an indemnitor on the N. Y. Modular bond.
In his decision dated March 13, 2001, the Referee found that claimants are entitled to a return of the balance of $100,000 cash collateral previously posted in that NYSCO breached its fiduciary duty by invading the collateral posted by claimants. *408 The Referee recommends that claimants Melvin and Arnold Fischman be paid $100,000, plus interest from August 9, 1999 to November 1, 2000, from the property/casualty insurance fund (i.e., the New York Property/Casualty Insurance Security Fund).
The Superintendent opposes confirmation essentially on three grounds. First, counsel contends that: “NYSCO had the right to utilize the collateral posted by Claimants in connection with the Collateral receipts (Exhibit H to cross-motion) in order to satisfy the claims obligations which arose in connection with the default on [the] N. Y. Modular bond.” Second, counsel contends that: “The Referee has misconstrued the nature of the petitioner’s claim by holding that the claim arises under a ‘fidelity and surety insurance claim’ under [Insurance Law] § 1113 (a) (16) and has, based on this false premise, misapplied Article 76 of the Insurance Law governing payments from the Fund.” Third and last, counsel contends that: “The award of interest is inappropriate” by reason of section 7434 (b) of the Insurance Law.
Counsel’s arguments are not persuasive. Having reviewed the receipts for collateral and the bond, the Court agrees with the Referee that: “The contractual obligation undertaken by NYSCO pursuant to this bond was limited to the Nielsen Mechanical Corporation lien. The collateral posted by Brooklyn Villas, LP, and Fischman was deposited solely for this purpose.” It therefore necessarily follows that NYSCO breached both its contractual and fiduciary duty by invading the collateral posted by claimants to reimburse itself for NYSCO’s payments on the N. Y. Modular bond (see People v Metropolitan Sur. Co., 148 App Div 503).
The receipt for collateral provides “[NYSCO] shall have a reasonable time within which to return the collateral after receipt of evidence showing termination of liability.” Since the mechanic’s lien foreclosure was apparently settled without NY-SCO having to pay any sum pursuant to the bond, NYSCO is required by the terms of the undertaking to return all of the collateral posted.
The Court furthermore agrees with the Referee that the issuance of a mechanic’s lien bond constitutes fidelity and surety insurance within the definition of Insurance Law § 1113 (a) (16) (C) which, in turn, warrants payment to claimants out of the Property/Casualty Insurance Security Fund (Insurance Law § 7603 [a] [1] [B]).
The Referee correctly determined that claimants are entitled to payment from the Property/Casualty Insurance Security *409 Fund of the sum of $100,000 together with interest from August 8, 1999 to November 1, 2000. As to the question of interest, the Court of Appeals has determined that the prohibition contained in section 7434 (b) of the Insurance Law against the payment of interest “applies to claims against liquidation estates only.” (Matter of Union Indem. Ins. Co., 92 NY2d 107, 117). “It has no relevant or dispositive impact * * * to the Security Fund, as to pre- or postliquidation interest.” (Id.) Counsel for the claimants also points out that “where as here, we are dealing with the breach of a contract by New York Surety, prejudgment interest is recoverable as a matter of right.” (See Mid-State Precast Sys. v Corbetta Constr. Co., 202 AD2d 702, 706-707, lv dismissed 84 NY2d 923, 86 NY2d 855; CPLR 5001.)
Accordingly, the Referee’s report dated March 13, 2001 is hereby confirmed. Pursuant to CPLR 7514 the Clerk of Nassau County is directed to enter judgment in favor of claimants Melvin Fischman and Arnold Fischman and against respondent Superintendent and the New York Property/Casualty Insurance Security Fund in the sum of $100,000, with interest thereon from August 8, 1999 to November 1, 2000 together with costs and disbursements.